FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 27 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-2425 MV |
| | ) | |
| vs. | ) | Count 1: 18 U.S.C. § 371: Conspiracy; |
| | ) | |
| **SIMON NUNEZ, JR.**, | ) | Counts 2-8: 18 U.S.C. §§ 641 and 2: |
| **DAVID M. PARRISH**, and | ) | Theft from the United States, and Aiding |
| **LELAND MARTINEZ**, | ) | and Abetting; |
| | ) | |
| Defendants. | ) | Count 9: 18 U.S.C. § 1001(a)(2): False |
| | ) | Statements. |

INDICTMENT

The Grand Jury charges:

Introduction

1. The Bureau of Indian Education ("BIE") is, and was at all times relevant to this indictment, a sub-department of the United States Department of the Interior ("DOI"), tasked with providing education to Native American children. DOI and BIE are, and were at all times relevant to this indictment, both part of the United States government.

2. Defendants **DAVID M. PARRISH** and **LELAND MARTINEZ** were, at all times relevant to this indictment, employees of the BIE authorized to make purchases for the BIE using a government-issued credit card.

3. Defendant **SIMON NUNEZ, JR.** was, at all times relevant to this indictment, an employee of the BIE with supervisory authority over defendant **DAVID M. PARRISH** and **LELAND MARTINEZ**' use of DOI government-issued credit cards, able to authorize or deny requested purchases and tasked with maintaining records listing the justification of the use of

government funds to make such purchases.

4. Authorized purchases using DOI government-issued credit cards are paid for by the government.

5. Each government credit card user, and the supervisors of such users, complete mandatory annual training regarding the uses of government credit cards that are authorized and not authorized. Generally, purchases for proper government-related use are authorized and purchases for personal use not directly related to a government function are unauthorized.

## Count 1

6. Paragraphs 1 through 5 of the Introduction are realleged and incorporated as if fully stated here.

7. From on or about August 3, 2013, through on or about December 31, 2016, in the District of New Mexico and elsewhere, defendants **SIMON NUNEZ, JR.**, **DAVID M. PARRISH**, **LELAND MARTINEZ**, and others known and unknown to the Grand Jury, did knowingly and voluntarily conspire and agree and act interdependently with each other to defraud the United States, and any agency thereof in any manner and for any purpose.

## Objective of the Conspiracy

8. The essential object of the conspiracy, known to all coconspirators, was to use DOI government credit cards to obtain valuable property for the personal use of defendants **SIMON NUNEZ, JR.**, **DAVID M. PARRISH**, **LELAND MARTINEZ**, and their family members, and to represent those purchases as authorized government purchases, so the government would pay the credit cards and defendants would not have to pay for the purchases. It was further an object of the conspiracy to prevent the discovery of the personal use of the

government-funded purchases through misrepresentations.

## Manner and Means

9. The manner and means by which the defendants **SIMON NUNEZ, JR.**, **DAVID M. PARRISH**, **LELAND MARTINEZ**, and others known and unknown to the Grand Jury sought to accomplish the object of the conspiracy included, among other things, the following:

    a. Defendants **DAVID M. PARRISH** and **LELAND MARTINEZ** would make purchases using DOI government-issued credit cards, and would list plausible, proper government uses for the property purchased on the government-internal requisition forms;

    b. Defendant **SIMON NUNEZ, JR.** would approve the purchases using his government authority; and

    c. Defendants would split the items purchased between the purchasing defendant and defendant **SIMON NUNEZ, JR.** or their family members.

## Overt Acts

Overt acts committed during the course of the conspiracy included, but were not limited to, the following:

10. On or about August 2, 2013, defendant **LELAND MARTINEZ** purchased a shed using his DOI purchase card for $2,956 from a vendor in Belen, NM, with the approval of defendant **SIMON NUNEZ, JR.**, and had it delivered to his home in Los Lunas, NM, where he possessed it for his personal use.

11. On or about September 3, 2013, defendant **LELAND MARTINEZ** purchased a shed using his DOI purchase card for $2,935 from a vendor in Belen, NM, with the approval of defendant **SIMON NUNEZ, JR.**. The shed was installed at the home of the son of defendant

**SIMON NUNEZ, JR.** in Albuquerque, NM, and was not used for any government purpose.

12. On or about December 30, 2015, defendant **LELAND MARTINEZ** purchased a shed using his DOI purchase card for $2,110 from a vendor in Belen, NM, with the approval of defendant **SIMON NUNEZ, JR.**. The DOI requisition form signed by both defendants **LELAND MARTINEZ** and **SIMON NUNEZ, JR.** listed its purpose as "Secure school small equipment and hand tools at the school for maintenance staff." The shed was installed at the home of **SIMON NUNEZ, JR.** in Albuquerque, NM, not at any school.

13. Between on or about January 1, 2015 and on or about December 31, 2015, defendants **DAVID M. PARRISH** and **LELAND MARTINEZ** used their DOI purchase cards to purchase canvas tarps, a mesh tarp, a Fitbit Surge, a Rubbermaid storage shed, and a Stihl battery-powered chainsaw with an approximate total value of $1,800, which were possessed by defendant **DAVID M. PARRISH** at his home in Albuquerque, NM.

14. On or about January 12, 2016, defendant **DAVID M. PARRISH** purchased a hot water heater for $1,468.49 using his DOI purchase card from a vendor in Albuquerque, NM, authorized by defendant **SIMON NUNEZ, JR.**, listing the reason as "Required to operate equipment." The heater was then installed at the home of **DAVID M. PARRISH** in Albuquerque, NM.

15. On or about January 13, 2016, defendant **LELAND MARTINEZ** purchased a DR Model All-Terrain Pro XL-30 Cutting Deck Brush Mower, using his DOI purchase card, for $2,999.99 from a vendor in Bernalillo, NM, with the approval of defendant **SIMON NUNEZ, JR.**. The mower was later seized by government investigators from defendant **LELAND MARTINEZ'** personal storage locker in Los Lunas, NM.

16.     On or about May 17, 2016, defendant **DAVID M. PARRISH** purchased a Dell laptop computer, serial number HDBVDC2, using his DOI purchase card for $1,499 from a vendor in Albuquerque, NM, to be delivered to the attention of **SIMON NUNEZ, JR.**, and **SIMON NUNEZ, JR.** then possessed that laptop at his home in Albuquerque, NM for his personal use.

17.     On or about May 17, 2016, defendant **DAVID M. PARRISH** purchased a Dell laptop computer, serial number 5DBVDC2 using his DOI purchase card for $1,499 from a vendor in Albuquerque, NM, to be delivered to the attention of **SIMON NUNEZ, JR.**, and **SIMON NUNEZ, JR.**'s son possessed that laptop at the son's residence in Albuquerque, NM.

18.     On or about October 25, 2016, defendant **DAVID PARRISH** purchased a tankless water heater using his DOI purchase card for $1,619.52 from a vendor in Albuquerque, NM, listing its purpose as "Materials required to repair restrooms."   The heater was then possessed by **SIMON NUNEZ, JR.** at his home, and not used to repair any restrooms at any DOI facility.

19.     Between on or about January 1, 2016 and on or about December 31, 2016, defendant **DAVID M. PARRISH** used his DOI purchase card to purchase a canvas cooler cover, eight canvas turbine covers, two pairs of shoes, a Wrangler denim jacket, three Yankee candles, a Kobalt toolbox, Bose wireless earphones, five containers of Arnicare cream, a Lucky Dog wired kennel, three containers of Sarna lotion, a DeWalt DC970 drill, and a Rheem hot water heater, for a total approximate value of $2,989.49.

In violation of 18 U.S.C. § 371.

<u>Counts 2-8</u>

On or about the dates listed below, in the District of New Mexico and elsewhere, the below-listed defendants embezzled, stole, and knowingly converted to their own use and the use of another property of the United States with a value in excess of $1000, and received and retained the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, and converted, and knowingly and unlawfully assisted another in doing the same:

| Count 2 | August 2, 2013 | Defendants **LELAND MARTINEZ** and **SIMON NUNEZ, JR.** |
| Count 3 | September 3, 2013 | Defendants **LELAND MARTINEZ** and **SIMON NUNEZ, JR.** |
| Count 4 | December 30, 2015 | Defendants **LELAND MARTINEZ** and **SIMON NUNEZ, JR.** |
| Count 5 | January 12, 2016 | Defendants **DAVID M. PARRISH** and **SIMON NUNEZ, JR.** |
| Count 6 | January 13, 2016 | Defendants **LELAND MARTINEZ** and **SIMON NUNEZ, JR.** |
| Count 7 | May 17, 2016 | Defendants **DAVID M. PARRISH** and **SIMON NUNEZ, JR.** |
| Count 8 | October 25, 2016 | Defendants **DAVID M. PARRISH** and **SIMON NUNEZ, JR.** |

In violation of 18 U.S.C. §§ 641 and 2.

<u>Count 9</u>

On or about December 22, 2016, in Bernalillo County, in the District of New Mexico, in a matter within the jurisdiction of an agency within the executive branch of the Government of the United States, defendant **SIMON NUNEZ JR.** knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, by telling federal investigators from the Department of the Interior Office of the Inspector General that a shed had not been purchased with Bureau of Indian Education funds, knowing then and there that statement to be untrue.

In violation of 18 U.S.C. § 1001(a)(2).

<u>FORFEITURE ALLEGATION</u>

The allegations contained in the Introduction and Counts 1-8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in Counts 1-8 of this Indictment, the defendants, **SIMON NUNEZ, JR., DAVID M. PARRISH**, and **LELAND MARTINEZ**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

1. PERSONAL JUDGMENT

A sum of money representing property constituting or derived from proceeds traceable to the offenses set forth in Counts 1-8.

2. REAL PROPERTY

    a. The structures or improvements described in Counts 1-8 located at 7712 Oakland Dr. NE, Albuquerque, NM 87122;

    b. The structures or improvements described in Counts 1-8 located at 7708 Calle de Plata NE, Albuquerque NM 87109;

    c. The structures or improvements described in Counts 1-8 located at 68 San Francisco Ave, Los Lunas, NM 87031;

3. PERSONAL PROPERTY

    a. The personal property described in Counts 1-8 located at 7712 Oakland Dr. NE, Albuquerque, NM 87122;

    b. The personal property described in Counts 1-8 located at 7708 Calle de

Plata NE, Albuquerque NM 87109;

    c.    The personal property described in Counts 1-8 located at 68 San Francisco Ave, Los Lunas, NM 87031;

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

*[signature]*
Assistant United States Attorney
Thursday, July 26, 2018